UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

EDWARD W. JACKSON,

                                    Plaintiff,

                                                                    DECISION AND ORDER

                                                                    07-CV-6364L

                  v.

JAMES CONWAY,

                                    Defendant.

_____

**INTRODUCTION**

Petitioner Edward W. Jackson ("petitioner") has filed a petition for a writ of habeas corpus

pursuant to 28 U.S.C. § 2254 challenging his conviction, following a jury trial in Erie County

Supreme Court, on two counts of burglary in the second degree, and one count of criminal

possession of stolen property in the fifth degree.  He is currently serving a sentence of imprisonment

of sixteen years to life.

On October 10, 2007, petitioner filed a motion to withdraw and amend his petition, on the

grounds that "there are Federal issues that [are pending] in state court that [he] would like to include

in [his] petition."  On April 14, 2008, petitioner moved to stay his petition and have it held in

abeyance "until the Appellate Division . . . rule[d] on his 440.10 motion on the issue of ineffective

assistance of trial counsel and on the issue of [his] being sentences [sic] as a persistent violent felony

offender."  (Dkt. #9).

For the reasons set forth below, petitioner's motions to amend and/or stay the petition are

denied.

## DISCUSSION

With respect to petitioner's motion to withdraw and amend his petition to "include Federal

issues" now pending in state court, petitioner has failed to identify those issues, submit a proposed

amended petition, or to otherwise explain how he proposes to amend it.  While leave to amend a

habeas corpus petition is governed by Fed. R. Civ. Proc. 15 (a), which requires that such leave be

"freely given," Fed. R. Civ. Proc. 15(a); *Littlejohn v. Artuz*, 271 F.3d 360, 363 (2d Cir. 2001), the

Court has discretion to deny leave where it would be futile.  *See Alvear-Ruiz v. United States,* 2007

U.S. Dist. LEXIS 79164 at *18-*19 (E.D.N.Y. 2007).  While it is unclear which claims petitioner

seeks to add, it appears that petitioner has actions pending in both Erie County Supreme Court (a

motion to vacate the judgment against him and set aside his sentence) and the Appellate Division

(an application for a writ of error coram nobis).  Petitioner's alleged grounds for those actions are

comprised of: (1) his contention that he should not have been classified as a persistent felony

offender despite meeting the relevant criteria; (2) an unsupported claim that trial counsel failed to

effectively investigate a possible defense; (3)  a claim that appellate counsel failed to challenge the

effectiveness of trial counsel which relates solely to matters off the record, and (4) a claim that

appellate counsel should have added certain claims to petitioner's leave application to the Court of

Appeals.  Having reviewed petitioner's claims in state court, all of which are unsupported or facially

untenable pursuant to the relevant law, I find that a grant of leave to amend the petition to include any or all of those claims would be futile.

Petitioner's motion for a stay must also be denied.  The Supreme Court stated in *Rhines v. Weber* that "it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had (1) good cause for his failure to exhaust, (2) his unexhausted claims are potentially meritorious, and (3) there is no indication that the petitioner engaged in intentionally dilatory litigation tactics."  544 U.S. 269, 277-78 (2005). On the other hand, the Supreme Court explained, even if a petitioner had "good cause" for the failure to exhaust the claims first, it would be an abuse of discretion to grant a stay when the claims are "plainly meritless." *Id.* at 277, *citing* 28 U.S.C. § 2254(b)(2).

In his renewed motion for a stay, petitioner has made no attempt to demonstrate entitlement to a stay under any of the *Rhines* factors, despite the fact that those factors were raised and described in detail in the respondent's affidavit opposing petitioner's motion to withdraw and amend the petition (Dkt. #6).  Specifically, petitioner offers no explanation for his failure to exhaust, makes no showing of merit, and there is no indication  that the proposed stay is not part of a dilatory litigation tactic.[1]

Accordingly, I conclude that it would not be a proper exercise of discretion to utilize the stay-and-abeyance procedure in petitioner's case, and petitioner's motion to stay (Dkt. #9) must be denied.

---

[1] Also problematic is the fact that petitioner's motion for a stay has been filed without proof of service upon respondent.

**CONCLUSION**

For the reasons stated above, petitioner's motions to stay his habeas corpus petition and

to amend his petition to add certain, unidentified and unexhausted claims (Dkt. #6, #9) are

**DENIED,** with prejudice.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge


Dated: Rochester, New York
       April 22, 2008.